UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BART LORAN LYONS, | No. 2:24-cv-2875 CSK P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JIM COOPER, et al., | |
| Respondent. | |

Petitioner, a county prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with an application to proceed in forma pauperis. For the following reasons, this Court recommends that this action be dismissed.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(a).

**I. PETITIONER'S CLAIMS**

Petitioner identifies himself as a pretrial detainee. (ECF No. 1 at 1.) The petition contains four claims. In claim one, petitioner alleges that he is being denied the Keto diet in violation of his constitutional rights. (Id. at 8.) Petitioner alleges that a non-Keto diet causes him irreparable harm due to petitioner suffering from a rare auto-immune disorder. (Id.) In claim two, petitioner alleges that a breakdown in the Public Defender's Office prejudiced petitioner's case. (Id.) Petitioner alleges that his first public defender had over 140 active cases. (Id.) Petitioner was left

1

without representation for weeks after the Public Defender's Office went on strike. (Id.) In claim three, petitioner alleges that his Eighth and Fifth Amendment rights have been violated. (Id.) Petitioner alleges that for about two months, petitioner was held without bail. (Id.) Petitioner alleges that during the hearing on petitioner's bail, the judge failed to consider petitioner's ability to pay. (Id.) Petitioner is homeless and cannot pay $7,500 for release on bail. (Id.) In claim four, petitioner alleges that his counsel allowed the district attorney to act as both bailiff and prosecutor. (Id. at 9.) Petitioner also alleges that the prosecutor lied about reading "over 20 fail to appears." (Id.) As relief, petitioner requests that this Court assign a lawyer to represent petitioner, dismiss all pending charges or order realistic bail. (Id.) Petitioner also seeks money damages for violations of his civil rights. (Id.)

## II. DISCUSSION

### A. Claims Related to Validity of Pretrial Detention

This Court first finds that petitioner's claims related to the validity of petitioner's pretrial detention, i.e., claims two, three and four, are properly raised in a habeas corpus petition brought pursuant to 28 U.S.C. § 2241. "[T]he essence of habeas corpus is an attack by a person in state custody upon the legality of that custody, and [ ] the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). While 28 U.S.C. § 2254 "confers jurisdiction on a district court to issue a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court[,]" a habeas petitioner attacking his pretrial detention should seek relief under § 2241. Stow v. Murashige, 389 F.3d 880, 885-86 (9th Cir. 2004).

For the following reasons, this Court finds that petitioner failed to exhaust his state court remedies as to claims two, three and four. Although there is no statutory exhaustion requirement for a pretrial detainee petition brought under 28 U.S.C. § 2241, principles of federalism and comity require that this Court abstain and not entertain a pretrial habeas challenge unless the petitioner has exhausted his available state-judicial remedies and "special circumstances" warrant federal intervention. See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir. 1980). As the Ninth Circuit explained,

> As an exercise of judicial restraint, however, federal courts elect not to entertain habeas corpus challenges [under § 2241] to state court proceedings until habeas petitioners have exhausted state avenues for raising federal claim. [¶] Where a petitioner seeks pre-conviction habeas relief, this exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials.

Carden, 626 F.2d at 83.

To satisfy the exhaustion requirement, the petitioner must "present his claim to the state supreme court even if that court's review is discretionary." Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999). Exhaustion requires that the petitioner "'fairly present' the substance of his claim to the state court." Id. at 887 (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). A claim has not been fairly presented unless the petitioner has described in the state-court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

After reviewing the petition, it is clear that petitioner did not exhaust claims two, three and four by first presenting them to the California Supreme Court. Accordingly, claims two, three and four should be dismissed.

**B. Claim Challenging Conditions of Confinement**

In claim one, petitioner raises claims challenging his conditions of confinement, for which petitioner apparently seeks damages. For the following reasons, this Court recommends that the court decline to offer petitioner the option to convert claim one to a civil rights action pursuant to 42 U.S.C. § 1983. See Nettles v. Grounds, 830 F.3d 992, 936 (9th Cir. 2016) (en banc) (district court may construe a petition for writ of habeas corpus to plead a cause of action under Section 1983). A habeas corpus action and a prisoner civil rights suit differ in a variety of respects, such as the proper defendants, type of relief available, filing fees and the means of collecting them, and restrictions on future filings. See Nettles, 830 F.3d at 936 (quoting Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011)). For example, unlike in a habeas action, a civil rights action would require petitioner to pay the full amount of the $350.00 filing fee, even if he is given leave to proceed in forma pauperis under 28 U.S.C. § 1915. In a Section 1983 civil rights action,

3

petitioner would be responsible for an initial partial filing fee and thereafter payments from his trust account would be forwarded to the clerk of court any time the amount in the account exceeded $10 until the filing fee was paid. See 28 U.S.C. § 1915(b)(1)-(2). Additionally, the exhaustion requirements for a Section 1983 civil rights action also differ from those required in a habeas action, and dismissal of a Section 1983 complaint as frivolous or malicious or for failure to state a claim can have adverse effects on petitioner's ability to proceed in forma pauperis in future civil actions. See 28 U.S.C. § 1915(g) (limiting ability to proceed in forma pauperis after three or more civil actions are dismissed as frivolous or malicious or for failure to state a claim); 42 U.S.C. § 1997e(a) (exhaustion requirement for Section 1983 cases). Due to these differences, the court should decline to provide the option to re-characterize the portion of the petition raising claim one as a civil rights complaint. See Bennett v. Biden, 2023 WL 8438454, at *2 (E.D. Cal. Nov. 6, 2023) (recommending that court decline to provide option to re-characterize habeas corpus petition as civil rights complaint), findings and recommendations adopted, 2024 WL 1803509 (E.D. Cal. Apr. 25, 2024).

It is not clear whether petitioner seeks damages as to claims two, three and four. To the extent petitioner does seek damages as to claims two, three and four, the court should also decline to re-characterize the portion of the petition raising these claims as a civil rights complaint.[1]

**III. REQUEST FOR INVESTIGATOR**

On November 4, 2024, petitioner filed a request for an investigator. (ECF No. 6.) Petitioner alleges that Sacramento County Sheriff staff refused to give petitioner a certified copy of his trust account, apparently in support of his application to proceed in forma pauperis. (Id.) Petitioner also alleges that he has a terminal illness and suffers from confusion. (Id.) Petitioner requests that the court appoint a lawyer to assist him with this action. (Id.) Petitioner alleges that

---

[1] In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff cannot bring a civil rights action for damages for a wrongful conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, unless that conviction or sentence or other decision already has been determined to be wrongful. See Heck, 512 U.S. at 486-87. When a civil rights action for damages is brought by a pretrial detainee that would impugn an anticipated future conviction, if successful, the action will be stayed rather than dismissed. Wallace v. Kato, 549 U.S. 384, 393-94 (2007).

he is dying and needs help.  (Id.)

Because this Court granted petitioner's request to proceed in forma pauperis, this Court need not address petitioner's claims regarding his alleged inability to obtain a certified copy of his trust account.  Because this Court recommends that this action be dismissed, petitioner's request for appointment of counsel is denied.  As discussed above, petitioner's claims regarding conditions of his confinement must be raised in a separate civil rights action pursuant to 42 U.S.C. § 1983.  This Court orders the Clerk of the Court to send petitioner the form for a civil rights complaint.

For the reasons discussed above, the requests made in petitioner's request for an investigator are denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 5) is granted;

2. Petitioner's request for an investigator (ECF No. 6) is denied;

3. The Clerk of the Court is directed to send petitioner the form for a civil rights complaint by a prisoner pursuant to 42 U.S.C. § 1983 and a form for an application to proceed in forma pauperis by a prisoner;

4. The Clerk of the Court is directed to assign a United States District Judge to this action; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified

time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 12, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Ly2875.ord

2